IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**SAMUEL SHANE W.,**[1]

    Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

Civ. No 3:20−cv−00825−CL

**OPINION AND ORDER**

MARK D. CLARKE, Magistrate Judge.

Plaintiff Samuel W. seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying his claim for disability and disability insurance benefits (DIB). Full consent to magistrate jurisdiction was entered on February 17, 2021. (#13). For the reasons below, the Commissioner's decision is REVERSED and REMANDED for further proceedings.

## BACKGROUND[2]

Born on January 8, 1993, Plaintiff Samuel W. alleges disability beginning April 1, 2015, (Tr. 127), based on a combination of impairments, including functional bowel disorder, anxiety disorder, and depressive disorder. His date last insured for Title II benefits was June 30, 2020. (Tr. 13.)

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties, and any relations, in this case.

[2] The following recitation constitutes a summary of the pertinent evidence within the Administrative Record and does not reflect any independent finding of fact by the Court. Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record filed herein as Docket No. 9.

Page 1 of 9 – OPINION and ORDER

Plaintiff protectively filed his application for SSDI benefits on September 2, 2016. Tr. 127-30. This application was denied, after which Plaintiff requested a hearing before an administrative law judge (ALJ) of the Social Security Administration. On December 11, 2018, after a hearing, ALJ Robert Campbell issued a decision finding Plaintiff not disabled. Tr. 10-20. Plaintiff timely requested review of the ALJ's decision, but by letter dated March 24, 2020, the Appeals Council declined to grant the request for review. Tr. 1-6. Accordingly, the ALJ's decision became the final decision of the agency from which Plaintiff seeks review.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20

C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

    a. The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

See also *Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir.

1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

Applying the above analysis, the ALJ made the following findings:

1. Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2020.

2. Plaintiff has not engaged in substantial gainful activity since September 1, 2013 the alleged onset date.

3. Plaintiff has the following severe impairments: functional bowel disorder, depression, anxiety.

4. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.

5. Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: he is able to do simple one to two step tasks with no contact with the public.

6. Plaintiff has no past relevant work.

7. Plaintiff was born on January 8, 1993, and was 20 years old, which is defined as a younger individual age 18-49, on the alleged onset date.

8. Plaintiff has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because he does not have past relevant work.

10. Considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform.

Consequently, the ALJ concluded that Plaintiff is not disabled as defined by the Social Security Act from September 1, 2013, through the date of the decision. Tr. 20.

**STANDARD OF REVIEW**

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means 'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Where the evidence before the ALJ is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse an ALJ's

decision on account of an error that is harmless. *Id.* at 1055-56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## DISCUSSION

Plaintiff presents the following issues:

1. Did the ALJ properly formulate the RFC by not including any limitations for Plaintiff's severe impairment of functional bowel disorder?
2. Did the ALJ properly evaluate Plaintiff's subjective symptom testimony?
3. Did the ALJ identify germane reasons for discounting lay witness statements?
4. Did the ALJ satisfy his burden at step five?
5. If the ALJ erred, should the case be remanded for further proceedings, or for immediate payment of benefits?

The Court finds that the ALJ erred by not including any limitations for Plaintiff's severe impairment of functional bowel disorder and by improperly discounting Plaintiff's subjective symptom testimony. The case is reversed and remanded for further proceedings. On remand, the ALJ shall reconsider Plaintiff's subjective testimony and the lay witness statements, and the ALJ shall re-formulate the RFC.

### I. The ALJ failed to account for Plaintiff's functional bowel disorder in the RFC and did not properly discount his subjective symptom testimony.

A claimant's RFC is an administrative finding as to the most the claimant can do despite the limitations from her impairments. 20 C.F.R. §§ 404.1527(d), 404.1545(a), 404.1546(c). The RFC finding is a matter reserved for the ALJ's determination and is based on all the relevant medical evidence and other evidence in the case record. 20 C.F.R. § 404.1545(a)(3); *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."). However, the claimant has the initial burden of producing evidence and proving the functional limitations that make up the claimant's RFC. *Benson v. Astrue*, No. CIV. 08-175-AC, 2009 WL 1741402, at *5 (D. Or. June

15, 2009) (citing 42 U.S.C. §§ 405(g), 423(d)(5) and *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir.1995)). An ALJ need only include limitations in the RFC findings that are supported by the evidence. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1195 (9th Cir. 2004).

At step two, the ALJ found that Plaintiff's functional bowel disorder is a "severe impairment." Tr. 15. By definition, finding a severe impairment means that it "significantly limits the claimant's ability to do basic work activities." C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Because the ALJ found the functional bowel disorder to be severe, the ALJ was required to include limitations related to the bowel disorder in the RFC finding. Plaintiff's testimony established that the primary limitation related to his bowel disorder is that it causes unpredictable bouts of nausea and abdominal pain which cause him to miss days of work or leave early/arrive late. Tr. 30-31, 35-36. The medical record confirms that Plaintiff's bouts of nausea and abdominal pain have continued for years despite treatment with medication.

Moreover, the ALJ did not identify specific portions of Plaintiff's testimony regarding his functional bowel disorder symptoms that were unreliable or not credible. The ALJ found only that the objective medical evidence did not support Plaintiff's testimony and cited Plaintiff's ability to care for his child as inconsistent with his claimed limitations. Tr .17-18. This was an error. First, by the ALJ's own accounting of the medical evidence, Plaintiff's nausea and vomiting was somewhat well-managed while he was taking the medication Reglan, but he had to discontinue that medication due to potential long-term side effects. Tr. 18. After discontinuing Reglan, Plaintiff reported ongoing nausea in June 2017, and had no benefit from Nortriptyline. He was taking Compazine or Zofran as needed and was prescribed Bentyl. His physician indicated cessation of marijuana might help his gastric motility overall, but Plaintiff reported this provided the best relief of his symptoms and his medical marijuana permit was renewed. Tr. 18.

The ALJ does not identify what portion of this medical history contradicts or fails to support Plaintiff's subjective symptom testimony, and the Court finds that it does not.

Second, while Plaintiff did testify that he cares for his son, he explained the child stays in a baby-proofed area of the house and is not running around during the day. He plays with the child, feeds him, and changes diapers. Tr. 32. These activities are not inconsistent with Plaintiff's testimony that he has unpredictable bouts of abdominal pain and nausea which would prevent him from being reliable in attending work on a regular and continuing basis. There is also no evidence in the record as to how well Plaintiff was able to take care of the child. While the Court acknowledges the challenges of caring for an infant child all day, there is no indication in the record that Plaintiff's ability to do so is transferable to full time employment, nor that such caregiving contradicts his subjective symptom testimony.

Therefore, the ALJ improperly discredited Plaintiff's subjective symptom testimony and failed to include any limitations regarding his functional bowel disorder in the RFC. These were harmful errors and the ALJ's decision is reversed and remanded for further proceedings to reconsider these issues and re-formulate the RFC.

## II. Other Errors

The ALJ rejected the lay witness statements about Plaintiff's symptoms and limitations because the ALJ found they were inconsistent with Plaintiff's "ability to care for his 1-year-old child." Tr. 19. This is an error for the same reasons stated above. In addition, the ALJ acknowledges that Plaintiff did not have the child at the time the statements were made, making this reasoning even more inadequate. *Id*. The ALJ shall reconsider these statements on remand.

Finally, the Commissioner admits that the ALJ erred regarding part of the step five analysis by finding that Plaintiff retained the RFC to perform three jobs, two of which require

"level 2 reasoning," which is incompatible with the limitation given in the RFC of "simple, one- to two-step tasks." The Commissioner argues that this error was harmless, as the third occupation identified, "janitor," only requires level 1 reasoning and contains over a million jobs in the national economy. The Court agrees with the Commissioner that this error was harmless. However, based on the discussion above, the ALJ shall reconsider the step five analysis based on a reconfigured RFC on remand.[3]

## ORDER

Based on the foregoing, the decision of the Commissioner is REVERSED and REMANDED for further proceedings.

It is so ORDERED and DATED this __17__ day of May, 2021.

---
MARK D. CLARKE
United States Magistrate Judge

---

[3] For these same reasons, remand for immediate calculation and payment of benefits is not appropriate because the record is not fully developed. *See Garrison v. Colvin*, 759 F. 3d 995, 1016 (9th Cir. 2014).